[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER (PLEADING #170)
Penrose Press, Inc. has filed a motion requesting this court to enter an order requiring the plaintiff, Danbury Photo/Graphic Supply, Inc., to return money garnished from Penrose's bank account. For the reason set forth below, this court concludes CT Page 7048 that under the circumstances the present proceeding is not the appropriate way for Penrose to obtain redress.
The procedural status of this case is as follows: On April 3, 1992, the court entered a default judgment against Penrose Press, Inc. after Penrose failed to file an appearance.[1] On May 18, 1994, the plaintiff seized $7,110.00 of Penrose's funds pursuant to a bank execution.[2] On September 22, 1994, Penrose filed with the court a Motion to Open Default Judgment and a Motion to Dismiss. The motion to open was based on the theory Penrose's failure to appear was caused by the plaintiff's serving a person who was not authorized to accept service on behalf of the defendant. The motion to dismiss was based on the theory this court lacks personal jurisdiction to render a judgment against Penrose. The court (Hauser, J.) conducted an evidentiary hearing on the two motions and granted the motions on August 3, 1994. The plaintiff appealed the court's decision. After the appeal was dismissed on December 19, 1995, the plaintiff filed with the Appellate Court a Motion for Review and Reconsideration of Dismissal. This motion was granted. On March 26, 1996, the appeal was again dismissed.
On March 17, 1996, Penrose filed the motion, which is presently being considered by the court, requesting the return of the $7,110.00 together with interest at the rate of ten percent per annum since May 18, 1994. The plaintiff questions the jurisdiction of the court to enter an order in a case that has been dismissed. The plaintiff also questions the timeliness of the defendant's request for the return of the funds. Apparently, Penrose never raised this issue in the evidentiary hearing before Judge Hauser. The parties have not advised the court as to who is holding the funds. The officer who served the bark execution? The plaintiff's attorney? The plaintiff?
After considering the issues raised by the parties, this court concludes that the issues should not be summarily adjudicated without the procedural regularity and process that would be accorded the parties in a lawsuit brought to obtain the funds. The plaintiff is a Connecticut corporation with an address in Danbury and, presumably, would be subject to the jurisdiction of this court and subject to a prejudgment remedy as permitted by statute. See General Statutes § 52-278a et. seq.
The motion for order is denied. CT Page 7049
THIM, JUDGE